[No. 3694.]

HERR ET AL. v. SULLIVAN.

WRIT OF ASSISTANCE—FORECLOSURE—ESTOPPEL.

Where a decree of foreclosure was entered subject to the lien of a prior mortgage, and the property was sold under the decree subject to the prior mortgage, and a writ of assistance was issued to enforce the decree, the writ will not be vacated on the ground that the prior mortgage had been foreclosed, and the parties in possession held under such foreclosure where the prior mortgage was foreclosed pending the action, and before rendering the decree; but the parties claiming under such foreclosure being parties to the action, failed to disclose the fact of the foreclosure to the court, and permitted the cause to proceed to judgment on the theory that the prior mortgage was an existing incumbrance and first lien without any objection, and where the writ does not affect the validity of the foreclosure.

*Motion to Vacate Order Granting Writ of Assistance.*

Mr. W. HENRY SMITH, Mr. WILLIS B. HERR, Mr. E. A. BALLARD, Mr. HUGH BUTLER and Mr. OSCAR REUTER, for plaintiffs in error.

Mr. T. J. O'DONNELL, Mr. W. S. DECKER and Mr. MILTON SMITH, for defendant in error.

PER CURIAM. While the proceeding in error was pending in this case, plaintiffs in error filed a supplemental transcript, seeking to have reviewed the action of the court below in issuing a writ of assistance to enforce its decree, and put the purchaser at the sale made thereunder in possession of the property in controversy. We denied their motion to vacate the order granting the writ, with leave to renew the same upon final hearing. At the final hearing counsel for plaintiff in error failed to renew the motion and to further discuss the question. Regarding the issuance of the writ as of no importance, in view of the final disposition we made of the case, we omitted any mention of the matter in our former opinion, 25 Colo. 190. Counsel who now represents plaintiffs in error apprehends that the order granting the writ may be construed as an adjudication of whatever right they may have acquired to the possession of the mill property under and by virtue of the foreclosure of the Allis. & Company trust deed, which was had pending the action. And that this question may be set at rest, he asked that the motion to vacate the order granting the writ be further considered and the order vacated, and the writ of assistance, so far as the mill property is concerned, be recalled, unless it shall be held that the sale under the Allis & Company trust deed is absolutely void. This application was entertained, and on the 19th day of December, 1898, the original motion to vacate the order was sustained, and an order entered recalling the writ. Defendant in error now moves the court to vacate and set aside this order, which, upon more mature reflection, we think should be done. The facts disclosed by the supplemental record are in brief as follows:

After the entry of the final decree in the cause, Amos J. Rising, who by the decree was appointed trustee, duly advertised, and on November 16, 1896, offered for sale the real estate and property described in the decree, and sold the same to Lincoln B. Livingston, who was the highest and best bidder. On November 21, he executed and delivered to Livingston his trustee's deed conveying to him the elevator property,

discharged of all liens, and the mill property, subject to the trust deed securing the indebtedness of E. P. Allis & Company, which by the decree was established, the amount of which was litigated in the cause, and found to be the sum of $39,375.54, and as a first lien upon this property in favor of Theodore W. Herr. On December 10, 1896, he filed his report of said sale. Thereupon an order was duly entered by the district court, approving the report, and confirming said sale; and further ordering that the purchaser at such sale, upon the production of the deed from said trustee, be let into possession of the land and premises described. Prior to the making of the sale and conveyance, the defendant, Theodore W. Herr, and the Harmony Mill and Elevator Company, and other persons claiming under them had been in possession of said premises under title derived from the Farmers' Protective Association, which title and possession was by the decree declared to be subject to the trust deed under which said sale was made. On December 11, 1896, the purchaser Livingston demanded possession of the mill property from O. H. Carleton, then in possession as tenant of the Harmony Mills and Elevator Company, who refused to deliver up possession thereof. The title under which the Harmony Mills and Elevator Company claimed the right to retain possession of the mill property was acquired through a foreclosure of the Allis & Company trust deed. The foreclosure of this trust deed, which was made while the action was pending, to wit, April 2, 1894, was never called to the attention of the court during the pendency of the action, and not until after the rendition of the decree and the sale thereunder, and then only by answer to the petition for the writ of assistance. The court below held that the plaintiffs in error, by failing to advise the court of the foreclosure, and by permitting the cause to proceed to judgment upon the theory that the Allis & Company trust deed on the mill property was an existing incumbrance, and the amount secured thereby a first lien, and the property to be sold subject to such lien, and the writ of possession to issue without any objection upon

their part, were estopped from objecting to the execution of the decree; that it was too late, for the first time, to apprise the court of additional claims or titles different from those which the court was apprised of in trying the cause.

It will be seen that the court below did not pass upon the question of the validity of the foreclosure of the Allis & Company trust deed, but expressly refrained from considering that question, and granted the writ of assistance solely upon the ground that the plaintiffs in error, by their conduct, were estopped from injecting that question into the case at that stage of the proceedings. It is obvious, therefore, that whatever right or title the Harmony Mills and Elevator Company acquired under and by virtue of such foreclosure is in no way affected by the granting of the writ of assistance.

By the record before us, the validity of the foreclosure of the trust deed in question is in no way presented, and we are unable, as counsel desire us to do, to express any opinion upon that subject. But with the understanding that the rights of plaintiffs in error acquired under such sale are in no way affected thereby, we think under the circumstances disclosed, that the court below was justified in issuing the writ of assistance. Our former ruling, therefore, should be reversed, and the motion to vacate the order granting the writ denied, which is accordingly done.

*Motion denied.*